# EXHIBIT A

Filing # 250313784 E-Filed 06/13/2026 04:27:51 PM

IN THE COUNTY COURT OF THE FIFTEENTH

JUDICIAL CIRCUIT IN AND FOR

PALM BEACH COUNTY, FLORIDA

COUNTY CIVIL DIVISION: "RJ"

CASE NO.: 50-2026-CC-002503-XXXA-MB

SEAN-ALEXANDER TERRELL,

    Plaintiff,

vs.

TRANS UNION LLC,

    Defendant.

---

## FIRST AMENDED COMPLAINT

Plaintiff, SEAN-ALEXANDER TERRELL, appearing *pro se*, sues Defendant, TRANS UNION LLC, and as grounds states as follows. This First Amended Complaint is filed as a matter of right pursuant to Florida Rule of Civil Procedure 1.190(a), no responsive pleading having been served.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Sean-Alexander Terrell, is a natural person and a "consumer" within the meaning of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c), residing in Palm Beach County, Florida.

NOT A CERTIFIED COPY

2. Defendant, Trans Union LLC ("TransUnion"), is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties, and conducts business in Palm Beach County, Florida.

3. This Court has jurisdiction over this action. State courts have concurrent jurisdiction over claims arising under the FCRA pursuant to 15 U.S.C. § 1681p. The amount in controversy is within the jurisdictional limits of this Court.

4. Venue is proper in Palm Beach County because Plaintiff resides in this county, the consumer reports at issue were published and received in this county, and the harm to Plaintiff occurred in this county.

## STATEMENT OF FACTS

5. TransUnion prepares and furnishes consumer reports concerning Plaintiff to third parties, including creditors and prospective creditors.

6. Plaintiff's TransUnion consumer file contains two tradelines that are reported inaccurately, as set forth below.

### A. The Mission Lane Tab Bank Tradeline

7. Plaintiff's TransUnion consumer disclosure dated June 1, 2026 reports a tradeline identified as MISSIONLNTAB (Mission

Lane Tab Bank), account number beginning 431503 (the "Mission Lane Tradeline").

8. The Mission Lane Tradeline reports a balance of $472.00 against a stated credit limit of $400.00, with a past-due amount of $472.00 and a highest balance of $472.00. A reported balance that exceeds the stated credit limit on the same tradeline is a facial mathematical impossibility and is inaccurate on its face.

9. The Mission Lane Tradeline simultaneously reports internally contradictory status information. It reports the account as "Charged off as bad debt" and as "Closed," while the accompanying comment states "Dispute resolved; consumer disagrees/account closed by consumer." These notations are internally inconsistent—an account cannot accurately be characterized as both charged off as bad debt and closed by the consumer—and render the tradeline materially misleading.

## B. The LVNV Funding Tradeline

10. Plaintiff's TransUnion consumer disclosure dated June 1, 2026 reports a collection tradeline identified as LVNV FUNDING, account number beginning 379364 (the "LVNV Tradeline"), with a reported balance of $956.00.

11. The LVNV Tradeline reports the original creditor as "12 CREDIT ONE AMERICAN EXPRESS." That original-creditor designation is inaccurate and internally garbled. It conflates distinct entities and is not a correct statement of the true

original creditor of the underlying account, which the account's servicer has confirmed in writing to be Credit One Bank, N.A.

12.     The LVNV Tradeline reports a date opened of April 14, 2023. That date reflects the date the debt was acquired by LVNV Funding LLC rather than the true date the underlying account was originated, which was on or about May 19, 2022, causing the account to appear more recent than it is.

13.     The LVNV Tradeline reports the account type as an "Open account" notwithstanding that it is a charged-off collection account, which is internally inconsistent and misleading as to the nature and status of the account.

## C. Plaintiff's Dispute and TransUnion's Reinvestigation

14.     On or about July 21, 2025, Plaintiff submitted a written dispute to TransUnion identifying the inaccuracies in the Mission Lane Tradeline and the LVNV Tradeline and requesting that TransUnion correct or delete the inaccurate information.

15.     Plaintiff's dispute placed TransUnion on notice of the specific inaccuracies described above, including the facially impossible balance-over-limit reporting and the inaccurate original-creditor and account-date information.

16.     The inaccuracies described above remain present on Plaintiff's TransUnion consumer disclosure dated June 1,

2026, after Plaintiff's dispute. Each disputed item bears a comment reflecting that the information was disputed by the consumer, yet the inaccurate information continues to be reported.

17.     Notwithstanding Plaintiff's dispute, TransUnion continued to report the inaccurate information. Upon information and belief, TransUnion failed to conduct an independent and reasonable reinvestigation, and instead relied uncritically upon the responses of the data furnishers without evaluating the readily verifiable inaccuracies that Plaintiff had identified.

18.     The inaccuracies described above were objectively and readily verifiable. A reasonable procedure and a reasonable reinvestigation would have detected and corrected them.

19.     As a direct and proximate result of TransUnion's conduct, Plaintiff has suffered injury, including damage to his creditworthiness, the continued publication of inaccurate information, and emotional distress, anxiety, and related harm during the period the inaccurate information was disputed and continued to be reported.

### COUNT I — VIOLATION OF 15 U.S.C. § 1681e(b)

*(Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)*

20.     Plaintiff realleges and incorporates paragraphs 1 through 19 as though fully set forth herein.

21.     Section 1681e(b) of the FCRA requires that whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

22.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Mission Lane Tradeline and the LVNV Tradeline, including by reporting a balance that facially exceeds the stated credit limit, internally contradictory status codes, and inaccurate original-creditor and account-date information.

23.     Section 1681e(b) contains no threshold inquiry into whether an alleged inaccuracy is "legal" or "factual" in nature; a facial numerical error in a consumer's credit report is actionable. See Sessa v. Trans Union, LLC (2d Cir.). The balance-over-limit reporting on the Mission Lane Tradeline is precisely such a facial numerical inaccuracy.

24.     A consumer reporting agency does not satisfy its obligations under the FCRA by merely forwarding disputes to the furnisher and adopting the furnisher's response without independent evaluation. See Losch v. Experian Info. Solutions, Inc., 995 F.3d 937 (11th Cir. 2021).

25.     TransUnion's violations were willful, or in the alternative negligent. Plaintiff is entitled to statutory damages, actual damages, and attorney's costs as permitted by law. A consumer who proves a willful violation is entitled to statutory damages regardless of whether actual damages are proven. See Santos v. Experian Info. Solutions, Inc. (11th Cir. 2023).

## COUNT II — VIOLATION OF 15 U.S.C. § 1681i

*(Failure to Conduct a Reasonable Reinvestigation)*

26.     Plaintiff realleges and incorporates paragraphs 1 through 19 as though fully set forth herein.

27.     Section 1681i of the FCRA requires that, upon receipt of a consumer's dispute, a consumer reporting agency conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, and record the current status of the disputed information or delete the item.

28.     Plaintiff submitted a dispute to TransUnion on or about July 21, 2025 regarding the Mission Lane Tradeline and the LVNV Tradeline.

29.     TransUnion violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of the disputed information and by continuing to report inaccurate information after Plaintiff's dispute. TransUnion may not discharge its reinvestigation duty by rubber-stamping the

furnisher's self-verification of readily verifiable inaccuracies. See Losch, 995 F.3d 937.

30.     TransUnion's violations were willful, or in the alternative negligent, entitling Plaintiff to statutory damages, actual damages, and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant Trans Union LLC and award the following relief:

a. A declaration that TransUnion violated 15 U.S.C. §§ 1681e(b) and 1681i;

b. Statutory damages pursuant to 15 U.S.C. § 1681n for willful noncompliance;

c. Actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

d. An order directing TransUnion to correct or delete the inaccurate information;

e. Costs of suit as permitted by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Plaintiff appears *pro se* and certifies that this filing is submitted in good faith, is well-grounded in fact and existing law, and is not interposed for any improper purpose, in compliance with Florida Rule of Civil Procedure 1.030 and Florida Rule of Judicial Administration 2.515.

Respectfully submitted,

*/s/ Sean Terrell*

Sean Terrell

Plaintiff, Pro Se

4682 Belvedere Road

Haverhill, Florida 33415

(734) 686-1801

sean.a.terrell@gmail.com